1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  DAVID RAYMOND ANDREWS,              1:11-cv-00770-GBC (PC)

12              Plaintiff,              ORDER TRANSFERRING CASE TO THE
                                        NORTHERN DISTRICT OF CALIFORNIA
13  vs.

14  J. AURELIO, et al.,

15              Defendants.
16  _____/

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to
18  42 U.S.C. § 1983.
19          The federal venue statute requires that a civil action, other than one based on diversity
20  jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants
21  reside in the same state, (2) a judicial district in which a substantial part of the events or omissions
22  giving rise to the claim occurred, or a substantial part of the property that is the subject of the action
23  is situated, or (3) a judicial district in which any defendant may be found, if there is no district in
24  which the action may otherwise be brought." 28 U.S.C. § 1391(b).
25          In this case, none of the defendants reside in this district. The claim arose in Del Norte
26  County, which is in the Northern District of California. Therefore, plaintiff's claim should have
27  been filed in the United States District Court for the Northern District of California. In the interest
28  of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.

1 | See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

2 |     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated:   May 18, 2011

                                      UNITED STATES MAGISTRATE JUDGE