IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID RAYMOND ANDREWS, | ) | No. C 11-2526 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| J. AURELIO, et al., | ) ) | (Docket No. 8.) |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. Plaintiff has filed a motion to amend his complaint, along with his first amended complaint. Plaintiff's motion to file a first amended complaint is GRANTED. For the reasons stated below, the Court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff alleges that Defendants violated his due process rights by blocking his attempts to pursue inmate grievances. However, there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1998) (order) ("There is no legitimate claim of entitlement to a grievance procedure."). Accordingly, this claim is DISMISSED.

Plaintiff's main complaint is that he was improperly given an inmate custody designation with an "R" suffix, which was given to those inmates incarcerated for rape or other sex-related crimes. He asserts that Defendants placed this improper suffix upon him in retaliation for pursuing grievances. In addition, he argues that the incorrect labeling violated his right to due process. Liberally construed, Plaintiff has state cognizable claims of retaliation and a violation of due process.

However, although the complaint names Defendants, Plaintiff must link each Defendant to each claim by providing facts showing the basis for liability for each individual Defendant. For example, plaintiff should allege which Defendants were responsible for the improper custody designation, and which Defendants were responsible for retaliating against him. He should not refer to them as a group (e.g., "the Defendants"); rather, he should identify each involved person by name, and link each of them to the claim(s) by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that a defendant proximately caused deprivation of federally protected right).

**CONCLUSION**

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 11-2526 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file a second amended complaint within thirty days, and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk is directed to send Plaintiff a blank civil rights form.

IT IS SO ORDERED.

DATED:   9/19/11

_____
LUCY H. KOH
United States District Judge